### LISNER v. HUGHES.

(Court of Appeals of District of Columbia. Submitted March 4, 1919. Decided May 5, 1919.)

#### No. 3184.

1. MASTER AND SERVANT ⬤⟶313, 325—TORTS OF SERVANT—NATURE OF MASTER'S LIABILITY—FORM OF ACTION.

 A master and servant are both liable in trespass for tortious acts of the servant done by express direction of the master, but the master's liability for a tort of the servant, committed while engaged in the business of the master and within the general scope of his authority, but without the master's direction, is not in trespass, but in an action on the case, based on the servant's negligence.

2. MASTER AND SERVANT ⬤⟶329—TORTS OF SERVANT—JOINT LIABILITY—PLEADING AND PROOF.

 The declaration in an action of trespass against a master and servant for an assault by the servant, alleged to have been made by the master's direction, states a good cause of action; but, where the evidence showed

---

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that it was without the master's knowledge, there was a failure of proof as to him, which entitled him to a directed verdict.

3. APPEAL AND ERROR &—1048(6)—CROSS-EXAMINATION OF PARTY CALLED BY ADVERSE PARTY.

Exclusion of a question asked a defendant by his counsel on cross-examination, in explanation of a fact stated by him when called as a witness by plaintiff, *held* prejudicial error.

Appeal from the Supreme Court of the District of Columbia.

Action by Reu Hughes against Abram Lisner and Michael Cohen. Judgment for plaintiff, and defendant Lisner appeals. Reversed.

Leon Tobriner and Byron U. Graham, both of Washington, D. C., for appellant.

Fred B. Rhodes, Paul B. Cromelin, W. A. Coombe, and Chapman W. Maupin, all of Washington, D. C., for appellee.

ROBB, Associate Justice. Appeal from a judgment for the plaintiff, appellee here, in the Supreme Court of the District in an action of trespass vi et armis against appellant and Michael Cohen.

The declaration alleges that Cohen, "acting under the order and direction" of Lisner, did with force and arms assault the plaintiff while she was in the department store of the defendant Lisner, by jerking or grabbing a muff from her hands. Plaintiff's evidence failed to show that Lisner had anything to do with the alleged assault; that, on the contrary, he did not even hear of it until after its alleged commission. Lisner thereupon moved for a directed verdict. This motion was denied, and the case submitted to the jury, as against Cohen because the evidence tended to show that he had committed the alleged assault, and as against Lisner solely as the result of the relation of master and servant; in other words, on the theory that the liability of Cohen, the employé or servant, was primary, and that of Lisner, the employer or master, was secondary.

Appellant contends that, when the evidence disclosed that there had been a misjoinder of causes of action, his motion for a directed verdict should have been granted. Appellee concedes that "it is undoubtedly true as a general rule that if a joint tort be alleged a joint tort must be proved," but contends that the misjoinder, to be availed of, must be pleaded in abatement.

Except as "repealed by express statutory provision, or modified by inconsistent legislation, or where it has become obsolete or unsuited to our republican form of government, the common law of England in all its branches, both civil and criminal, remains to-day the law of the District of Columbia, and it has been repeatedly so held." De Forrest v. United States, 11 App. D. C. 466. Common-law forms of action have not been abolished here. Miller and Ambrose, 35 App. D. C. 75, 81. What, therefore, is the proper form of action for the recovery of damages from a master for an assault by his servant?

[1] The rule is well stated in Steamboat Co. v. Housatonic R. Co., 24 Conn. 40, 63 Am. Dec. 154, which was an action for trespass vi et armis against a master and servant. The court, after pointing out

that the master is liable for the tortious acts of his servant done in the performance of the master's business and within the scope of the general authority conferred (see Axman v. W. G. Light Co., 38 App. D. C. 150), as well as for similar acts done by his express direction, said:

"But the remedies applicable to these several injuries are entirely different. In the former case he is liable only in an action upon the case, founded upon the negligence of the servant in the performance of the master's lawful business; whereas in the latter case he is liable in an action of trespass caused by the act of the servant. But his liability to be sued in trespass does not rest at all upon the relationship of master and servant, which exists, but upon the fact that the act complained of was done by his express direction and command, and so in reality, as well as in law, is his own act, though done through the instrumentality of another. A man shall not be made a trespasser against his will, though he may be made liable in an action on the case for the negligence of the servant, while engaged in the business of the master, however contrary to the master's wishes such negligence may be."

To the same effect are Martin v. Moore, 99 Md. 41, 57 Atl. 671; Wiest v. Traction Co., 200 Pa. 148, 49 Atl. 891, 58 L. R. A. 666; Campbell v. Portland Sugar Co., 62 Me. 552, 16 Am. Rep. 503; Mulchey v. Methodist Relief Society, 125 Mass. 487; Warax v. Cin., N. O. & T. P. Co. (C. C.) 72 Fed. 637; Helms v. N. P. R. Co. (C. C.) 120 Fed. 389; Gustafson v. Chicago, R. I. & P. R. Co. (C. C.) 128 Fed. 85.

[2] The declaration stated a good cause of action. The difficulty is that the evidence did not sustain its averments. Obviously, therefore, the declaration was not subject to a plea in abatement. It is not for a defendant to say what the form of the action shall be, for that is the exclusive province of the plaintiff. Railroad Co. v. Dixon, 179 U. S. 131, 21 Sup. Ct. 67, 45 L. Ed. 121. It is the right of a defendant, however, who has gone to trial upon the case stated by the plaintiff, to insist that there shall be some evidence in support of that case. So here the defendant Lisner, having been charged with directing an assault by his employé, had a right to a directed verdict when there was an entire failure of evidence in support of that charge. The record shows that a motion for a directed verdict was seasonably made, but it does not show that the grounds of the motion were stated. It is contended, therefore, that appellant on this appeal may not challenge the trial court's ruling. Since another assignment of error would compel the reversal of the judgment in any event, we do not determine this question of practice.

[3] Mr. Lisner was called as a witness for the plaintiff, and it was shown by his testimony that, after he obtained knowledge of the incident underlying this action, he still retained Cohen in his employ. On cross-examination the witness testified that it was Cohen who gave him the information shortly after the occurrence. Thereupon witness was asked the following question: "What did he say to you, and what did he report to you that he had seen or done?" Plaintiff objected, and the objection was sustained, over the exception of the defendant. Counsel for defendant then stated to the court that the obvious purpose of the plaintiff in showing that witness had re-

tained Cohen was to show ratification of Cohen's act, and hence that Mr. Lisner should be permitted to state that Cohen had made a report to him inconsistent with the opening statement for the plaintiff. In other words, that under the report made to Lisner by Cohen Cohen's retention was proper. The action of the court in excluding this evidence was error, prejudicial to defendant. Plaintiff, having brought out the fact of Cohen's retention after Lisner had learned of the incident, could not deny Lisner's right to state what he had learned: that is, the facts upon which he had acted.

The judgment is reversed, with costs, and cause remanded.

Reversed and remanded.