### MELLON, Director General of Railroads, etc., v. SEYMOURE.

(Court of Appeals of District of Columbia. Submitted April 8, 1926. Decided May 3, 1926.)

#### No. 4397.

1. **Limitation of actions** ⟾127(5)—**Amended declaration in action against carrier for assault held not to state new cause of action, barred by limitation.**

Amended declaration, alleging that plaintiff, after alighting from defendant's train, while rightfully on premises, and while defendant had duty to use care to protect plaintiff from injury, was assaulted by employees of defendant acting in the scope of their authority, *held* not to state a new cause of action, barred by limitations; the original declaration having alleged that plaintiff, while in and about railway station, where he had a right to be, was so assaulted.

2. **Railroads** ⟾5½, **New, vol. 6A Key-No. Series—Action for assault by railroad employee held properly brought against Director General of Railroads, rather than against person holding office by name (Transportation Act 1920, § 206a [41 Stat. 461, Comp. St. Ann. Supp. 1923, § 10071¼cc]).**

Action for damages for assault by special officer of railroad instituted November 25, 1919, against "the Director General of Railroads," rather than against person occupying that office by name, as required by General Order No. 50, *held* not improperly brought in view of General Order No. 50a, amending General Order No. 50, and requiring actions to be brought against "the Director General of Railroads

and not otherwise," and hence recovery was not barred by two-year limitation of Transportation Act 1920, § 206a (Comp. St. Ann. Supp. 1923, § 10071¼cc).

**3. Limitation of actions ⬩⟹39(1)—Action for damages for assault by special officer of railroad held within three-year statute of limitations, and not barred (Code, § 1265).**

Action against Director General of Railroads for damages for assault by special officer of railroad, acting within the scope of his authority, *held* within three-year statute of limitations, and not barred by Code, § 1265.

**4. Carriers ⬩⟹315(1)—Whether plaintiff was passenger, entitled to more than ordinary care, held immaterial, where claim was based on lack of ordinary care, and so submitted.**

Whether plaintiff, suing for damages for assault by railroad employee, was a passenger, entitled to more than ordinary care, *held* immaterial, where claim was based on lack of ordinary care, and submitted to jury on that basis.

Appeal from the Supreme Court of the District of Columbia.

Action by Charles J. Seymoure against Andrew W. Mellon, Director General of Railroads and Statutory Agent for the United States. Judgment for plaintiff, and defendant appeals. Affirmed.

G. E. Hamilton, J. J. Hamilton, G. E. Hamilton, Jr., Edmund Brady, and H. R. Gower, all of Washington, D. C., for appellant.

E. L. Newmeyer and M. W. King, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a judgment for the plaintiff, appellee here, after verdict in the Supreme Court of the District, in an action to recover damages for personal injuries sustained by the plaintiff through an assault upon him by a special officer employed by the Southern Railway Company. At a former trial a verdict was directed for the defendant, at the close of plaintiff's evidence, on the theory that the special officer was not acting within the scope of his authority at the time of the assault. An appeal was taken to this court, and we held that it was a question for the jury whether the special officer made the assault in his capacity as an employee or as a public officer. Seymoure v. Director General of Railroads, 53 App. D. C. 316, 290 F. 291.

[1] Prior to the first trial, plaintiff amended his declaration, without objection by the defendant. It now is contended that this amendment stated a new cause of action, which is barred by the statute of limitations. In the second count of the original declaration it was alleged that "while the said plaintiff was in, about, and upon a certain railroad station, in the city of Danville, in the state of Virginia, where the trains of the said defendant receive and discharge passengers, and as the said plaintiff had a right to be, the agents, servants, and employees of the said defendant, while acting within the scope of their authority, and while acting for and on behalf of the said defendant, in and about the performance of their duties, for and on behalf of the said defendant, and while acting for the said defendant, made a violent and vicious assault upon the said plaintiff. * * * *"

In the amended count the averment is: "And whereas, at the time and place aforesaid, the plaintiff, by the invitation of the said defendant, had been conveyed on one of its said interstate trains from the District of Columbia to the said station at Danville, Va., and had just alighted from said train, and was lawfully upon and about its said premises, as he had a right to be. And thereupon it became and was the duty of said defendant to use due and proper care, not only to safely carry said plaintiff on its said trains and terminal stations, but also to protect said plaintiff while on said premises as aforesaid, from all injury, violence, negligence, and ill treatment at the instance of said defendant, its agents and employees, in the course of its business as aforesaid." Then follows an averment as to the manner of the assault in substantially the same language as that used in the original count.

A reading of these two counts discloses that but one cause of action is set forth, namely, an assault committed by defendant's agent while acting in defendant's behalf and while plaintiff was lawfully upon the premises. Steven v. Saunders, 34 App. D. C. 321; Neubeck v. Lynch, 37 App. D. C. 576, 37 L. R. A. (N. S.) 813; Texas & P. R. Co. v. Cox, 145 U. S. 593, 12 S. Ct. 905, 36 L. Ed. 829; Seaboard Air Line R. Co. v. Renn, 241 U. S. 294, 36 S. Ct. 567, 60 L. Ed. 1006.

[2] It is next contended that the recovery is in violation of section 206a of the Transportation Act of February 28, 1920; 41 Stat. 461 (with the two-year limitation), because the suit was originally filed November 25, 1919, against "the Director General of Railroads." It is contended in behalf of appellant, defendant below, that General Order No. 50, "in effect since October 28, 1918, provided

that causes of action arising under the Federal Control Act should be brought against the person occupying the office by name and not otherwise." But counsel evidently overlook the fact that General Order No. 50 was amended January 11, 1919, by the promulgation of General Order No. 50a, providing that actions "shall be brought against the Director General of Railroads, and not otherwise." The Director General appeared in the case by his attorneys, filed general pleas, and two trials were had. Moreover, before the first trial, on motion, without objection, the then incumbent of the office of Statutory Agent was substituted as defendant in this action, and so continued until his resignation and the appointment of Andrew W. Mellon, who since has been substituted in this court as appellant. There is no merit in this contention. [3] Nor was the action barred under section 1265 of the District of Columbia Code. Count 4, upon which the case was submitted to the jury, does not allege an assault by the express direction of the defendant, but by his agent or employee, while within the scope of his authority. The three-year limitation therefore applied. Lisner v. Hughes, 49 App. D. C. 40, 258 F. 512.

[4] Appellant further contends that "the relation of passenger and common carrier did not exist between the plaintiff and defendant at the time of the alleged assault," and therefore that the railway company "was only required to exercise ordinary care." The short answer to this contention is that the plaintiff did not claim he was entitled to receive more than ordinary care, and the charge of the court was to the same effect. After stating that it was not disputed that plaintiff was lawfully upon the premises of the railway company, the court said: "If that is true, then it follows, as a matter of law, as I understand it and charge you, that it was the duty of the defendant to use due and proper care—that is, reasonable care—to protect him at that time and place from all injury, violence, and ill treatment at the instance of the defendant and its agents or employees, while acting in the course of the defendant's business." To this language no exception was taken.

Appellant again contends that Special Officer Regan "did not occupy a dual position under the defendant at the time of said assault, but was a public or state officer." We agree with the learned trial justice that the evidence upon which we based our decision in the former appeal "is the same as the present record, so far as this point is concerned." We therefore do not deem it necessary to reconsider the question.

The judgment is affirmed, with costs.

Affirmed.