130

## GLENNAN v. LINCOLN INV. CORPORATION.
### No. 7366.

United States Court of Appeals for the District of Columbia.

Argued Jan. 10, 1940.

Decided Feb. 12, 1940.

W. C. Sullivan, of Washington, D. C., for appellant.

Arthur J. Hilland, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

PER CURIAM.

In October, 1928, appellant Glennan borrowed of Lincoln Investment Corporation $1,200, for which he gave his promissory note for $1,500 payable October 17, 1931. On January 11, 1932, the note was renewed for the principal sum of $1,350, payable November 27, 1932. Appellee was incorporated under the laws of the State of Maryland, but on January 28, 1932, its charter was forfeited by proclamation of the Governor of the State for default in payment of taxes. Without knowledge of this, appellant made payments on the note in February and April following. In September, a parcel of land in the District of Columbia was sold under deeds of trust, and a net amount of $39.94 was credited on the note. On May 28, 1934, the president of the defunct corporation wrote and mailed to appellant, at the latter's request, the following letter: "With further reference to premises No. 4814 Foote Street, N. E., being Lots 48 and 49 in Square 5146 in the District of Columbia, and on behalf of the Lincoln Investment Corporation, I beg to advise that no action will be taken by the said corporation looking to a deficiency judgment after a foreclosure heretofore had, and at your request, the time for any such action is extended to January 1st, 1935."

In August, 1936, appellee began this action to recover the sum of $1,275.58, the balance due on the note. There was a waiver of jury, and the trial court gave judgment for $700.06. [1]

On this appeal the two questions are:

(A) Was appellant estopped to deny appellee's corporate capacity to bring the action by reason of his dealings with the "corporation" after the forfeiture of its charter? and

(B) Was appellant estopped to plead the statute of limitations by reason of his request for the extension of time granted in the letter of May 28, 1934?

We are of opinion that both should be answered in the negative.

 Appellee does not question the forfeiture of its charter or that under the Maryland statutes, without more, this fact "repealed, annulled, and forfeited" all its corporate powers. Unlike the statutes of some states, there is in Maryland no period of time during which a corporation dissolved "for

---

[1] The court held there was usury in the contract and applied all payments to principal, and no point is made of this.

non-payment of taxes" is kept alive for the purpose of collecting its assets and paying its debts, etc. The corporation is dead from the moment of the proclamation unless revived by subsequent payment of the taxes, which admittedly was not the case here.[2] Appellee contended, however, that appellant was estopped to deny the existence of the corporation because he continued to deal with it and not only made two payments on the note, but requested a period of grace in 1934. The lower court found that appellant knew nothing of the forfeiture until after this suit was commenced in 1936. Nothing in appellant's conduct is shown to have prejudiced appellee, and in the circumstances, the doctrine of estoppel does not apply. Reference to what we said in Thompson v. Park Savings Bank, 68 App.D.C. 272, 277, 96 F.2d 544, 549, is sufficient on the subject.

■ Second. The note in suit was payable November 27, 1932. Three years thereafter recovery was barred by the statute of limitations. D.C.Code, Tit. 24, sec. 341. This action was begun August 3, 1936. Unless, therefore, the letter to which we have referred extended the statute, obviously the plea of limitations should have been sustained. The letter states that at appellant's request the time for action looking to a deficiency judgment is extended to January 1, 1935. Although the lower court found that appellant requested this extension, we are nevertheless of opinion that it was not sufficient to toll the statute. D.C.Code, Tit. 11, sec. 5, provides that: "In actions of debt or upon the case grounded upon any simple contract, no acknowledgment or promise by words only shall be deemed sufficient evidence of a new or continuing contract whereby to take any case out of the operation of the statute

of limitations or to deprive any party of the benefit thereof unless such acknowledgment or promise shall be made or contained by or in some writing to be signed by the party chargeable thereby."

Clearly, there is nothing in the letter to bring it within this statute. The contrary is not argued. Appellee, instead, contends that the effect of the letter was, by mutual agreement, to extend the due date of the note to January 1, 1935, and that under the rule in the District of Columbia such an agreement may be made orally or in writing or partly orally and partly in writing. But, granting this, obviously that rule has no application to the instant facts. The record indicates that appellee had foreclosed on the mortgage securing the note and was about to obtain at once a deficiency judgment for the balance of the debt. Instead, its president agreed not to commence such an action until a later date within the period of limitations. This was no more than an undertaking not to commence an action until the given date. It certainly did not constitute a new promise or an acknowledgment of the debt or an extension of the time of payment, for the note was then overdue. It was no more than a temporary forbearance of legal action. Nor does it show that appellant lulled the appellee into inaction until after the limitation period, as appellee contends, for the period mentioned in the letter expired more than ten months before the statute barred the action. There was, therefore, ample time and opportunity for appellee to avail of any legal rights it had. We think, in the circumstances of this case, compliance with the plain language of D.C.Code, Tit. 11, sec. 5, must be shown and, therefore, that the lower court was wrong in thinking that estoppel could be relied upon to subvert its terms.

Reversed.

---

[2] Md.Laws, 1931, ch. 381; Md.Ann. Code (Supp.1929), art. 81, sec. 144(a); Indian Protective Association v. Gordon, 34 App.D.C. 553, affirmed 218 U.S. 667, 31 S.Ct. 227, 54 L.Ed. 1202; Id., 225 U. S. 698, 32 S.Ct. 839, 56 L.Ed. 1262.