James J. Laughlin, of Washington, D. C., for plaintiff.

William E. Furey, of Washington, D. C., for Shoreham Hotel.

Nicholas J. Chase, of Washington, D. C., for Drew Pearson, Blue Network Co., and Radio Station WMAL.

Philip R. Miller, of Washington, D. C., for defendant O. John Rogge.

### ELMHURST v. SHOREHAM HOTEL et al.
### No. 25422.

District Court of the United States for the District of Columbia.

Jan. 4, 1945.

PINE, Justice.

Plaintiff seeks damages on account of an alleged invasion of his asserted right of privacy. The case is an outgrowth of the so-called sedition trial, which has received wide publicity by press and radio for several months last past.

Defendants are the Shoreham Hotel Corporation, Drew Pearson, Blue Network Company, Radio Station WMAL, and O. John Rogge. Plaintiff alleges that defendant Pearson broadcast that plaintiff, "a defendant in the sedition case, is working as a bartender and waiter at the Shoreham Hotel in this city, and that he is in a position to overhear private conversations carried on by James F. Byrnes, Bernard Baruch, and other high officials." He claims that, due to such broadcast, he was discharged from his employment at the Shoreham Hotel. Defendant Rogge, special prosecutor in the case referred to, is made a defendant on the theory that he instigated the broadcast.

With the exception of the Shoreham Hotel Corporation, which has answered, all defendants have moved to dismiss. The question raised by their motions is whether

the law of the District of Columbia recognizes a right of privacy, and if it does, whether the broadcast complained of constitutes an invasion thereof. This is an important and interesting question involving a right, of recent origin, which has not yet crystallized into specific definition in those jurisdictions where recognized, but which has been referred to as the right of an individual to withhold himself from public scrutiny.

■ The Court of Appeals of the District of Columbia has repeatedly held that, except as repealed by express statutory provision or modified by inconsistent legislation, the common law, in all its branches, both civil and criminal, remains today the law of the District of Columbia.[1]

■ An action for invasion of privacy is unknown to the common law.[2] No legislation on this subject applicable to the District of Columbia has been brought to my attention. Research has failed to disclose that the Court of Appeals has passed upon the question. So far as the District Court is concerned, the only published opinion on the subject which has been found is one written by the late Justice Frederick L. Siddons in the case of Peed v. Washington Times Co., 1927, 55 W.L.R. 182. In that case, Justice Siddons held that the unauthorized publication of a picture of plaintiff, who had been found unconscious from gas poisoning, was an actionable invasion of her right of privacy, but he was careful to point out that, "In answering this question, there is excluded from consideration the cases of persons in public

life or of a public character, and those who have been convicted of criminal offenses or who, being charged with crime, are photographed by police authorities for purposes of identification." This is consonant with settled law that a right of privacy, where recognized, does not include protection from the publication of matter of legitimate public or general interest which is held to be dominant over the individual's desire for privacy.[3] It thus becomes unnecessary for this court further to pass upon whether a right of privacy is recognized by the law of the District of Columbia, inasmuch as the case referred to in the broadcast has been widely publicized, as above stated, and the occupation of a defendant therein, accused of conspiring to impair the morale of the Armed Forces, would seem to be a legitimate object of public interest. Therefore, publication of his occupation would not constitute an invasion of a right of privacy, assuming one exists.

■ Taking up the contention that the allegations of the complaint make out a conspiracy between defendants Pearson and Rogge in broadcasting the statement complained of, and assuming that they do, no additional cause of action results therefrom, inasmuch as the publication is not, in itself, actionable.[4]

No contention is made, and there is no basis for contending, that the claim asserted by plaintiff is one of libel.

The motion to dismiss will therefore be granted. Counsel will prepare and present appropriate order.

[1] De Forest v. United States, 11 App.D. C. 458; Lisner v. Hughes, 49 App.D.C. 40, 258 F. 512. See also Section 49—301, D.C.Code 1940.

[2] Roberson v. Rochester Folding Box Co., 171 N.Y. 538, 64 N.E. 442, 59 L.R.A. 478, 89 Am.St.Rep. 828; Henry v. Cherry & Webb, 30 R.I. 13, 73 A. 97, 24 L.R.A., N.S., 991, 136 Am.St.Rep. 928, 18 Ann. Cas. 1006; Hillman v. Star Publishing Co., 64 Wash. 691, 117 P. 594, 35 L.R.A., N.S., 595; Atkinson v. John E. Doherty & Co., 121 Mich. 372, 80 N.W. 285, 46 L. R.A. 219, 80 Am.St.Rep. 507; Judevine v. Benzies-Montanye Co., 222 Wis. 512, 269 N.W. 295, 106 A.L.R. 1443.

[3] 138 A.L.R. 49 and cases cited therein; Restatement on Torts, vol. 4, § 867; 39 Mich.L.Rev. 526, 540 (1940).

[4] Nalle v. Oyster, 1913, 230 U.S. 165, 183, 33 S.Ct. 1043, 57 L.Ed. 1439; Ewald v. Lane, 1930, 70 App.D.C. 89, 104 F.2d 222, 223, certiorari denied 308 U.S. 568, 60 S.Ct. 81, 84 L.Ed. 477; Hansen v. Nicoll, 1913, 40 App.D.C. 228, 236, Ann.Cas. 1914C, 759; State of Missouri v. Fidelity & Casualty Co., 8 Cir., 1939, 107 F.2d 343, 348; Lewis Invisible Stitch Machine Co. v. Columbia Blindstitch Machine Mfg. Corp., 2 Cir., 1936, 80 F.2d 862, 864; Sidney Morris & Co. v. National Ass'n of Stationers, Office Outfitters & Manufacturers, 7 Cir., 1930, 40 F.2d 620, 624; Comerford v. Meier, 1939, 302 Mass. 398, 19 N.E.2d 711; Caverno v. Fellows, 1934, 286 Mass. 440, 190 N.E. 739; Willis v. Muscogee Mfg. Co., 1904, 120 Ga. 597, 48 S.E. 177, 1 Ann.Cas. 472.