**Mr. Carl H. ALLEY, Appellant,**

v.

**DODGE HOTEL et al., Appellees.**

**No. 75–1265.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Jan. 9, 1976.

Decided Feb. 2, 1977.

Certiorari Denied June 6, 1977.
See 97 S.Ct. 2684.

---

William Bridge, Washington, D.C., with whom Sherman L. Cohn, Washington, D.C. (both appointed by this Court) was on the brief, for appellant.

Richard W. Galiher, Washington, D.C., with whom William H. Clarke, Frank J. Martell and William J. Donnelly, Jr., Washington, D.C., were on the brief, for appellees.

Before BAZELON, Chief Judge, ROBINSON, Circuit Judge, and JUSTICE,* United States District Judge for the Eastern District of Texas.

PER CURIAM.

We are once again summoned to review a chapter in Carl H. Alley's long-standing lawsuit against the Dodge Hotel and Norman Bernstein Management, Inc. (Bernstein Management), the hotel's administrative affiliate.[1] The present appeal emanates from a judgment of the District Court dismissing the suit on the ground that it is barred by the District of Columbia statute

---

* Sitting by designation pursuant to 28 U.S.C. § 292(d) (1970).

1. *Alley v. Dodge Hotel*, Civ.No. 1640–72 (D.D. C.).

of limitations.[2]  Alley lays claim to circumstances allegedly estopping resort to the statute or at least generating an issue of fact necessitating a trial.  We conclude that the District Court correctly assessed the impact of the statute, and affirm the judgment accordingly.

I

■  The background of this litigation is summarized in our opinion on the last previous appeal.[3]  We need recount only the events salient to the questions now before us.  Alley's suit, brought *pro se* in 1972, sought damages for personal injuries allegedly resulting from two separate assaults transpiring in his hotel room.[4]  Service of process on the Dodge Hotel was never effected.  Late in 1972, the District Court dismissed the case as to Bernstein Management,[5] and an appeal therefrom failed on grounds of prematurity.[6]  In 1973, the District Court dismissed the remainder of the action "as frivolous and defamatory"[7] and denied Alley's motion for leave to appeal *in forma pauperis*.[8]  On renewal of that motion here, we remanded the record for determinations as to the date on which Alley actually filed notice of the latter appeal, and as to the existence of excusable neglect for any filing more than 30 but within 60 days from the dismissal.[9]

On remand, Alley then being represented by counsel, the proceedings took a decidedly different course, however.  Alley moved for reconsideration of the District Court's denial of leave to appeal *in forma pauperis*, and Bernstein Management secured a postponement of action on the motion to enable it to take Alley's deposition.  Bernstein Management thereafter moved for dismissal, or in the alternative for summary judgment, on the ground that the deposition given by Alley, as well as a letter written by him much earlier, demonstrated that any cause of action for either of the two alleged assaults arose more than five years prior to institution of his suit.[10]  The District Court sustained the motion and dismissed the action in its entirely,[11] without the findings envisioned by our order of remand.  The case returns to us in that posture.

The District Court ordinarily would have been confined ·by our mandate to an investigation of the timeliness of Alley's notice of appeal from the 1973 dismissal.[12]  When, however, we directed inquiry in that regard, our attention had not been drawn to the fact that seven days after the judgment of dismissal Alley moved for relief ostensibly pursuant to Federal Civil Rule 60(b).[13]  The parties agree, as evidently the District Court did that the motion was treatable as one for a new trial or for alteration of the dismissal judgment[14] and, being timely as ·

2.  *Id.* (order of Feb. 5, 1975), Appendix (App.) 122.

3.  *Alley v. Dodge Hotel*, 163 U.S.App.D.C. 320, 501 F.2d 880 (1974).

4.  Alley seems to claim that at least one of the assaults was committed by a person who may have been an employee of the hotel.  See note 21 *infra* and accompanying text.

5.  *Alley v. Dodge Hotel, supra* note 1 (order of Oct. 5, 1972), App. 8.

6.  *Alley v. Dodge Hotel*, No. 72–2093 (D.C.Cir. Mar.20, 1973), App. 10.  Since the dismissal was as to only one of the two defendants and the steps prescribed by Fed.R.Civ.P. 54(b) had not been taken, the order of dismissal was non-appealable.  *E.g., Redding & Co. v. Russwine Constr. Co.*, 135 U.S.App.D.C. 153, 159, 417 F.2d 721, 727 (1969).

7.  *Alley v. Dodge Hotel, supra* note 1 (order of Nov. 20, 1973), Record on Appeal (R.) 1.

8.  *Id.* (order of Jan. 22, 1974), R. 22.

9.  *Alley v. Dodge Hotel, supra* note 3.

10.  See text *infra* at notes 21–25.

11.  *Alley v. Dodge Hotel, supra* note 2.

12.  *Yablonski v. UMW*, 147 U.S.App.D.C. 193, 195, 454 F.2d 1036, 1038 (1971), *cert. denied*, 406 U.S. 906, 92 S.Ct. 1609, 31 L.Ed.2d 816 (1972), and cases there cited.

13.  Fed.R.Civ.P. 60(b).

14.  Compare *Southern States Equip. Corp. v. USCO Power Equip. Corp.*, 209 F.2d 111, 116–117 (5th Cir. 1953); *Woodham v. American Cystoscope Co.*, 335 F.2d 551, 554–555 (5th Cir. 1964); *Pan Am. Realty Trust v. Twenty One Kings, Inc.*, 297 F.Supp. 143, 145 (D.V.I.1968), *aff'd*, 408 F.2d 937 (3d Cir. 1968).

such,[15] destroyed the finality of the judgment of dismissal for purposes of immediate appellate review[16] and rendered the appeal a nullity.[17]

■ On that premise, which we are constrained to accept,[18] Alley's appeal from that judgment was jurisdictionally wanting,[19] and the ensuing remand became pointless. The District Court thus encountered an insuperable obstacle to consideration of the defense predicated upon the statute of limitations.[20] While it would have been better practice for Bernstein Management to seek formal dissolution of our remand order before reasserting that defense on remand, we certainly would have granted a request therefor upon being apprised of the full facts, and thereby would have clarified for the record the continuing jurisdiction of the District Court consequent upon Alley's Rule 60(b) motion. We turn, then, to the question whether the

Court's ruling on the statute of limitations was correct.

## II

■ Alley's deposition made plain that the two assaults which he charged in his complaint occurred not later than 1967. This was reinforced by a 1967 letter, from Alley to Bernstein Management complaining of the assaults, which came to light as an exhibit to the latter's post-remand motion. Given that, on any theory that the hotel was liable for the assaults, the statute of limitations had run. Any vicarious responsibility for the conduct of a person participating in either assault[21] would have become barred after expiration of a maximum of three years from the time it occurred.[22] And for any negligent failure by the hotel to take precautionary measures,[23] it was likewise incumbent upon Alley to commence litigation within a three-year period.[24] The record demonstrates beyond

15. See Fed.R.Civ.P. 59(b).

16. *Leishman v. Associated Elec. Co.*, 318 U.S. 203, 205, 63 S.Ct. 543, 544, 87 L.Ed. 714, 716 (1943); *Healy v. Pennsylvania R. R.*, 181 F.2d 934 (3d Cir. 1950); *Turner v. HMH Publishing Co.*, 328 F.2d 136 (5th Cir. 1964). Compare *United States v. Crescent Amusement Co.*, 323 U.S. 173, 177–178, 65 S.Ct. 254, 256–257, 89 L.Ed. 160, 165–166 (1944).

17. See cases cited *supra* note 16.

18. We accord to Alley's motion the liberality which pleadings of *pro se* lay litigants are to be indulged. *Alley v. Dodge Hotel, supra* note 3, 163 U.S.App.D.C. at 323, 501 F.2d at 883, and cases there cited. So measured, and viewed additionally in light of the motion's claim that several judges previously ruling adversely to Alley were disqualified from participation in the case, and of its specific request that the case continue forward, "the necessary effect" of the motion "was to ask that rights already adjudicated be altered. Consequently it deprived the judgment [of dismissal] of that finality which is essential to appealability." *Leishman v. Associated Elec. Co., supra* note 16, 318 U.S. at 205, 63 S.Ct. at 544, 87 L.Ed. at 716.

19. See cases cited *supra* note 16.

20. See cases cited *supra* note 16.

21. In his deposition, Alley indicated that the party committing one of the assaults might have been in the hotel's employ. The record

leaves unclear whether Alley claims that the perpetrator of the other assault bore any relationship to the hotel.

22. The normal limitation period on actions for assault is one year. D.C.Code § 12–301(4) (1973). It has been held, however, under an earlier version of the District of Columbia statute, that an action against an employer for an assault inflicted by an employee acting within the scope of his authority, rather than in consequence of an express direction by the employer, is not in trespass but is for the employee's negligence in the performance of the employer's lawful business, and summons application of the three-year limitation period. *Mellon v. Seymoure*, 56 App.D.C. 301, 302, 12 F.2d 836, 837 (1926). See also *Lisner v. Hughes*, 49 App. D.C. 40, 258 F. 512 (1919). We need not, for purposes of this appeal, determine whether the same construction is to be accorded to the current statute.

23. Compare *Kline v. 1500 Mass. Ave. Apartment Corp.*, 141 U.S.App.D.C. 370, 439 F.2d 477 (1970).

24. D.C.Code § 12–301(8) (1973); *Alley v. Dodge Hotel, supra* note 3, 163 U.S.App.D.C. at 321–322 n. 3, 501 F.2d at 881–882 n. 3; *Marusa v. District of Columbia*, 157 U.S.App.D.C. 348, 353, 484 F.2d 828, 833 (1973); *Canterbury v. Spence*, 150 U.S.App.D.C. 263, 284, 464 F.2d 772, 793, *cert. denied*, 409 U.S. 1064, 93 S.Ct. 560, 34 L.Ed.2d 518 (1972).

peradventure that Alley did not do so.[25] Alley contends, however, that Bernstein Management and its insurers promised to compensate him for his injuries, and thereafter were estopped from defending on the statute of limitations.

■ To be sure, an estoppel can arise from conduct rendering reliance on the statute inequitable.[26] "The principle is, that where one party has by his representations or his conduct induced the other party to a transaction to give him an advantage which it would be against equity and good conscience for him to assert, he would not in a court of justice be permitted to avail himself to that advantage."[27] Thus "a defendant cannot avail himself of the bar of the statute of limitations, if it appears that he has done anything that would tend to lull the plaintiff into inaction, and thereby permit the limitation prescribed by the statute to run against him."[28] The estoppel doctrine, no less than countless other principles of law, incorporates centrally the ideal "that no man may take advantage of his own wrong."[29]

■ Since, however, Alley's own version of the affair disclosed on its face that his suit was brought long after expiration of the three-year limitation period, it became his burden to establish circumstances erecting the asserted estoppel.[30] Moreover, conformably with general requirements of the doctrine of equitable estoppel, it was necessary that Alley, as the party invoking it, have relied upon the acts or representations of his adversaries and because of such reliance, have refrained from instituting legal action within the limitation period.[31] Bernstein Management argues, and the District Court seemingly held, that Alley's showing did not survive these requirements. Careful examination of the record leads us to the same conclusion.

### III

■ In his complaint, Alley states that Bernstein Management referred him to insurance companies which told him that "they would take care of the matter"[32] but never did. This thesis is reiterated in his deposition. Alley further states that a representative of Bernstein Management contacted him on several occasions and each time assured him that he would be paid stated sums. The sums to be paid, as related by Alley, were invariably huge—ranging from a low of $1 million to a high of $10 million—for injuries for which Alley admittedly never sought medical treatment. These alleged promises appear in a testimonial context replete with other claims by Alley equally elaborate and bizarre.

**25.** The complaint was filed in the District Court on Aug. 16, 1972.

**26.** *Glus v. Brooklyn E. Dist. Terminal,* 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959); *Schroeder v. Young,* 161 U.S. 334, 344–345, 16 S.Ct. 512, 516, 40 L.Ed. 721, 726–727 (1896); *Brown v. Lamb,* 134 U.S.App.D.C. 314, 414 F.2d 1210, *cert. denied,* 397 U.S. 907, 90 S.Ct. 904, 25 L.Ed.2d 88 (1969); *Fontana v. Aetna Cas. & Sur. Co.,* 124 U.S.App.D.C. 168, 170–171, 363 F.2d 297, 299–300 (1966); *Howard Univ. v. Cassell,* 75 U.S.App.D.C. 75, 79–81, 126 F.2d 6, 10–12 (1941), *cert. denied,* 316 U.S. 675, 62 S.Ct. 1046, 86 L.Ed. 1749 (1942); *Hornblower v. George Washington Univ.,* 31 App.D.C. 64, 75, 14 Ann.Cas. 696 (1908).

**27.** *Union Mut. Life Ins. Co. v. Wilkinson,* 80 U.S. (13 Wall.) 222, 233, 20 L.Ed. 617, 622–623 (1872).

**28.** *Hornblower v. George Washington Univ., supra* note 26, 31 App.D.C. at 75.

**29.** *Glus v. Brooklyn E. Dist. Terminal, supra* note 26, 359 U.S. at 232, 79 S.Ct. at 762, 3 L.Ed.2d at 772.

**30.** *Catholic Univ. v. Waggaman,* 32 App.D.C. 307, 315–316 (1909); *Stern Equip. Co. v. Pogue,* 117 A.2d 447, 448 (D.C.Mun.App.1955); *Tendler v. L. E. Massey, Inc.,* 33 A.2d 626, 628 (D.C.Mun.App.1943).

**31.** *Brown v. Lamb, supra* note 26, 134 U.S.App. D.C. at 316 & n. 4, 414 F.2d at 1212 & n. 4; *Howard Univ. v. Cassell, supra* note 26, 75 U.S.App.D.C. at 81, 126 F.2d at 12; *Glennan v. Lincoln Inv. Corp.,* 71 App.D.C. 365, 366, 110 F.2d 130, 131 (1940); *De Luca v. Atlantic Ref. Co.,* 176 F.2d 421, 423–424 (2d Cir. 1949), *cert. denied,* 338 U.S. 943, 70 S.Ct. 423, 94 L.Ed. 581 (1950); *Aetna Life Ins. Co. v. Moyer,* 113 F.2d 974, 981–982 (3rd Cir. 1940).

**32.** Complaint, App. 2.

The statements which Alley attributes to the insurance carriers do not support the estoppel theory, for it nowhere appears that Alley relied on them to his detriment.[33] On the contrary, Alley's deposition discloses that he concentrated his efforts on Bernstein Management,[34] and the asserted assurances that the latter would compensate him even more rapidly succumbs to scrutiny. The gross abnormality of the settlement figures—$1 million to $10 million for injuries never requiring medical attention—renders Alley's version legally unacceptable from one or the other of two viewpoints. The first is whether there were any promises in settlement at all.[35] The second is whether, if there were, anyone could prudently count on them in lieu of coming into court.[36] Beyond that, Alley's failure to fix with even modest precision the points in time at which the alleged promises occurred leaves open the very substantial probability that well within the three-year limitation period the filing of a suit was plainly indicated.[37]

Courts must leave for the factfinder's assessment a great variety of dubious factual claims. But no recovery can be predicated upon evidence which is inherently incredible,[38] or which can lead reasonable minds only to reject it.[39] Nor, as we have explained, can an estoppel to press the statute of limitations arise from conduct not ostensibly relied upon,[40] or responsible for a justifiable delay in commencing litigation before the statutory bar falls.[41] Measured by these considerations, Alley's version was insufficient as a matter of law to command an audience at a trial.[42]

The judgment appealed from is

*Affirmed.*

---

33. See notes 30–31 *supra* and accompanying text.

34. Compare *Brown v. Lamb, supra* note 26, 134 U.S.App.D.C. at 316 & n. 4, 414 F.2d at 1212 & n. 4.

35. See notes 38–39 *infra* and accompanying text.

36. See notes 30–31 *supra* and accompanying text. Compare *Brown v. Lamb, supra* note 26, 134 U.S.App.D.C. at 316 & n. 4, 414 F.2d at 1212 & n. 4.

37. Compare *Howard Univ. v. Cassell, supra* note 26, 75 U.S.App.D.C. at 81, 126 F.2d at 11; *Glennan v. Lincoln Inv. Corp., supra* note 31, 71 App.D.C. at 366, 110 F.2d at 131; *De Luca v. Atlantic Ref. Co., supra* note 31, 176 F.2d at 423–424; *Aetna Life Ins. Co. v. Moyer, supra* note 31, 113 F.2d at 981–982.

38. *Blum v. Fresh Grown Preserve Corp.,* 292 N.Y. 241, 54 N.E.2d 809, 811 (1944); *Gaudette v. Carter,* 100 R.I. 259, 214 A.2d 197, 199–200 (1965); *Legions v. Commonwealth,* 181 Va. 89, 23 S.E.2d 764, 765 (1943). See also *Proctor v. Colonial Refrigerated Transp. Inc.,* 494 F.2d 89, 93 (4th Cir. 1974).

39. See *Ryan Distrib. Corp. v. Caley,* 147 F.2d 138, 140 (3d Cir.), *cert. denied,* 325 U.S. 859, 65 S.Ct. 1199, 89 L.Ed. 1979 (1945); *Boeing Co. v. Shipman,* 411 F.2d 365, 374 (5th Cir. *en banc* 1969); *Stephenson v. Steinhauer,* 188 F.2d 432, 436 (8th Cir. 1951).

40. See notes 30–31 *supra* and accompanying text.

41. See notes 31, 37 *supra* and accompanying text.

42. See cases cited *supra* notes 38–39.