**Beverly BELTON, Plaintiff,**

v.

**COMMISSIONER OF INTERNAL REVENUE SERVICE, Defendant.**

**Civ. A. No. 81–1109.**

United States District Court, District of Columbia.

June 30, 1982.

On Reconsideration Dec. 28, 1982.

---

John A. Turner, Jr., Dixon & Turner, Washington, D.C., for plaintiff.

Edward J. Snyder, Stephen W. Laramore, Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM ORDER

BARRINGTON D. PARKER, District Judge.

Plaintiff Beverly Belton filed this action against the Internal Revenue Service ("IRS") to recover funds which were levied upon and seized from accounts at the Riggs National Bank. The accounts were in plaintiff's name and that of her minor daughter, whose interest she also represents.

The matter is before the Court on cross-motions for summary judgment. The government argues that the funds were seized because of the tax liability of plaintiff's former husband (plaintiff was seeking a divorce which was formally entered several months after the seizure) and that the one-year statute of limitations bars this proceeding, filed some four years after the seizure. The Court concludes, however, that the facts of this case preclude the IRS from availing itself of the limitations bar. Accordingly, plaintiff's motion for summary judgment should be granted and the government's cross-motion should be denied.

### A.

The material facts are undisputed and may be briefly stated. In June 1977, the IRS levied upon and seized approximately $350 from plaintiff's accounts at Riggs. Although plaintiff had paid IRS an' assessment against herself earlier in 1977, she did not owe any taxes at the time of the seizure. (Affidavit of IRS official Harvey R. Hammer, Exhibit B to Defendant's Motion for Summary Judgment). Rather, the seizure arose out of a tax debt assessed by the IRS against her former husband, earlier in March 1977. The husband was liable for failure to pay withholding and unemployment taxes during the previous year for a business which he operated.

Plaintiff was not liable for the assessments against her former husband. However, IRS records demonstrate that plaintiff's seized funds were more than likely applied toward his claims since a comparable amount was credited to the husband's IRS account on June 22, 1977, just two days after the seizure of plaintiff's accounts. The use of the seized funds cannot be readily traced since the government responded to plaintiff's interrogatories that the administrative record for plaintiff's case could not be located and had probably been destroyed. (Affidavit of IRS attorney Kathleen Whatley, attached as Exhibit C to Defendant's Motion, *supra*.) A Certificate of Assessments and Payments to Clifford J. Belton, however, shows that two days after $367.93 was seized from plaintiff's bank accounts, her husband's IRS account was credited in the amount of $393.51. (Exhibit A to Defendant's Motion, *supra*.)

A responsible IRS revenue officer, whose duties included investigating and collecting the assessment against plaintiff's former husband, concluded that plaintiff was not associated with the husband's business and was not responsible for the payment of his delinquent business taxes. In a telephone conversation with the plaintiff, the IRS officer stated that her bank funds were wrongfully seized and informed her as to the proper forms she should submit to recover the money. *See* Memorandum of Points and Authorities in Support of Defendant's Motion, *supra* at p. 9; Plaintiff's Motion for Summary Judgment at p. 3. Without the benefit of advice from counsel, plaintiff filed the request on July 21, 1977, and asserts that she did not receive an answer. Plaintiff filed her present complaint, seeking a refund and damages, on May 12, 1981.

## B.

The government contends that plaintiff incorrectly seeks relief under a provision of the Internal Revenue Code designed to protect taxpayers whose funds have been improperly seized to satisfy their own tax liability. 26 U.S.C. § 7422(a). Since the funds were purportedly seized to satisfy tax obligations of plaintiff's former husband, the government contends that the proper avenue for relief is a similar statutory provision relating to seizures or wrongful levies against third parties for the tax debts of another. 26 U.S.C. § 7426(a).[1] The two actions—by a taxpayer for a refund and by a third party for a wrongful levy—are distinct and mutually exclusive. Although the government raised this argument previously in an unsuccessful motion to dismiss,[2] there was an insufficient factual record at the time to determine the proper statutory provision for the assertion of plaintiff's claim. As set forth above, the facts now demonstrate to the Court's satisfaction that the seizure was prompted not by plaintiff's but by her former husband's tax liability and the case therefore is properly presented under section 7426(a).

The statute of limitations provision which governs actions for recovery by third parties under section 7426(a) requires the filing of an action within nine months from the date of the allegedly unlawful levy. The provision further provides that where an administrative request is made for a return of funds, the period shall be lengthened as follows:

> If a levy has been made on property ..., any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action ... in a district court for the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary. 26 U.S.C. § 7426(a)(1).

1. The refund provision reads in pertinent part:
No suit ... shall be maintained for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, ... or of any sum alleged to have been ... wrongfully collected, until a claim ... has been duly filed with the Secretary ... according to the provisions of law in that regard, and the regulations of the Secretary....
26 U.S.C. § 7422(a).
The wrongful levy provision reads in pertinent part:

2. The government's motion to dismiss was denied by the Court on August 19, 1981.

[F]or a period of 12 months from the date of filing of such request or for a period of 6 months from the date of mailing by registered or certified mail by the Secretary . . . to the person making such request of a notice of disallowance of the part of the request to which the action relates, whichever is shorter.

26 U.S.C. § 6532(c)(2).

Although the applicable extension period cannot be definitively determined, plaintiff clearly filed her complaint in this proceeding after expiration of the one-year statute of limitations period—assuming the validity of her allegation that the administrative request never generated a response. The validity of plaintiff's claim that she received no answer to her request cannot be fully examined in light of the government's inability to produce relevant administrative records. The government does not allege, however, that the seized funds were ever returned to the plaintiff. Moreover, the government does not contest plaintiff's assertion that she failed to receive a response from IRS.

■ Plaintiff bears the burden, in this instance, of establishing that circumstances exist which yield the conclusion that the defendant should not be permitted to assert the statute of limitations bar. In *Alley v. Dodge Hotel,* 551 F.2d 442 (D.C.Cir.1977), the court noted that application of the estoppel doctrine is warranted where it appears that the defendant has done "anything that would tend to lull the plaintiff into inaction." *Id.* at 446 (citation omitted). The burden is higher when the principle is invoked against governmental conduct, however, such that a showing of "affirmative misconduct" is typically required. *See United States v. Wharton,* 514 F.2d 406 (9th Cir.1975), *citing United States v. Hibi,* 414 U.S. 5, 94 S.Ct. 19, 38 L.Ed.2d 7 (1973).

■ Applying the estoppel doctrine to the facts of this case would not be inappropriate. Plaintiff, a layperson without benefit of counsel, was advised by an IRS representative familiar with the case to file the appropriate form in order to recover the wrongfully seized bank account funds.

Mrs. Belton was not fully apprised of the facts surrounding the seizure until this lawsuit was commenced. To be sure, plaintiff was lulled into inaction by the comments of the IRS officer and the subsequent inactivity of the agency. Moreover, the conduct of the IRS in handling plaintiff's claim—insofar as it involved an improper seizure without notice, a subsequent failure to respond to plaintiff's administrative request, and an inability to locate pertinent records—satisfies the concerns underlying the higher burden imposed on those who seek to raise an estoppel argument founded upon governmental conduct. Mrs. Belton should not be penalized for the government's improper handling of her claim, particularly where the claim was prompted by a seizure of plaintiff's bank funds which should not have occurred in the first place.

Accordingly, it is this 30th day of June, 1982,

ORDERED that the Motion of the Defendant for Summary Judgment is denied and the Motion of the Plaintiff for Summary Judgment is granted, and judgment is entered for the plaintiff; and it is

FURTHER ORDERED that the defendant Internal Revenue Service is directed to pay and refund forthwith to the plaintiff all funds wrongfully levied upon and seized from her bank accounts at the Riggs National Bank on June 20, 1977.

## ON RECONSIDERATION

This matter is before the Court on defendant's motion for reconsideration of this Court's judgment in favor of plaintiff, entered August 6, 1982. The case concerns certain funds which the Internal Revenue Service apparently levied to satisfy the tax debts of the plaintiff's estranged husband. The Court concluded that the funds were wrongfully levied and that governmental conduct in the case estopped the defendant from relying on the applicable statute of limitations as a defense. The defendant contends that the estoppel issue was never

briefed by the parties * and that the doctrine does not apply. Upon consideration of the memoranda of the parties and the entire record in this case, the Court concludes that the motion to reconsider should be denied.

As this Court noted in its Memorandum Order of June 30, 1982, the plaintiff has met the heavy burden which must be satisfied before the estoppel doctrine may be invoked. *Compare Alley v. Dodge Hotel,* 551 F.2d 442 (D.C.Cir.1977) *with United States v. Wharton,* 514 F.2d 406 (9th Cir. 1975). Plaintiff Beverly Belton pursued her administrative claim without benefit of counsel and was expressly advised by an IRS representative who was familiar with the investigation that the wrongfully seized funds could be recovered upon the filing of an appropriate IRS form. Although she duly filed the form, her claim apparently generated no response.

In addition—in contrast to the cases relied upon by the government where incorrect filing dates were supplied to claimants by the IRS, *Sanchez v. United States,* 79–1 U.S.T.C., ¶ 9137 (D.N.M.1978); *DeGregory v. United States,* 395 F.Supp. 171 (E.D. Mich.1975)—when presented with plaintiff's discovery requests in this proceeding, the government was unable to locate the pertinent records and indicated that the files may have been destroyed. The cumulative prejudicial effect of these facts upon plaintiff's claims compels this Court to conclude that the government should be estopped from asserting the limitations bar.

Accordingly, it is this 28th day of December 1982,

ORDERED that the defendant's motion for reconsideration of this Court's judgment entered in this proceeding on August 6, 1982, is hereby denied.

---

\* Plaintiffs raised the estoppel issue in a letter submitted to the Court after cross motions of the parties came at issue. *See* Exhibit A to Opposition to Defendant's Motion for Reconsideration (August 30, 1982). The parties have fully presented their views on the issue in their memoranda regarding the reconsideration motion.