**Beverly K. BELTON, for Herself and Next Friend of Panya Belton, a Minor, Plaintiffs,**

v. .

**COMMISSIONER OF INTERNAL REVENUE SERVICE, Defendant.**

Civ. A. No. 81–1109.

United States District Court, District of Columbia.

Sept. 5, 1984.

John A. Turner, Jr., Dixon & Turner, Washington, D.C., for plaintiffs.

Patricia A. Scott-Clayton, Edward Snyder, Gregory S. Hrebiniak, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM ORDER

BARRINGTON D. PARKER, District Judge.

Plaintiff, Beverly Belton, on behalf of herself and her daughter, seeks an award of attorneys' fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Ms. Belton brought suit against the Internal Revenue Service ("IRS") to recover approximately $350 that was wrongfully levied upon and seized from accounts owned by her and her daughter, Panya Belton, which were deposited in the Riggs National Bank. Following the filing of cross motions for summary judgment, this Court granted the plaintiff's motion on June 30, 1982, and ordered the IRS to refund the funds. 562 F.Supp. 30. Plaintiff now seeks $13,147.50 in attorneys fees in connection with this successful litigation. This Court grants plaintiff's application for attorneys' fees, but reduces the fee award to $1,500.

In June 1977 the IRS seized approximately $350 from plaintiff's account at Riggs National Bank. The seizure arose from a tax debt assessed by the IRS against Ms. Belton's former husband, who had been found liable for failure to pay withholding and unemployment taxes for a business he previously owned and operated. The IRS wrongly believed that Ms. Belton was a co-owner of the business and thus jointly liable for the unpaid taxes. Acting on this misinformation, the IRS seized funds in a bank account owned by the plaintiff and another, and held in trust for her minor

child. The monies held in these two accounts were then applied toward the husband's debt. The plaintiff then contacted the IRS and, following an investigation, was informed by an IRS officer that the levy and seizure was in error. The officer advised Ms. Belton to file a claim for refund, which she did in July, 1977. When plaintiff received no response from the IRS, she made a second request in December, 1977. When that request was met with silence, plaintiff then filed suit in May 1981 for recovery of the wrongfully seized funds. The Government argued that the funds were seized because of the tax liability of plaintiff's former husband, and that the one-year statute of limitations, 26 U.S.C. § 6532(c)(2), barred her cause of action. This Court rejected the Government's argument and found for plaintiff.

■ The EAJA provides that in civil actions brought by or against the United States, the courts shall award attorneys fees to qualified prevailing parties against the United States "unless the position of the United States as a party to the proceeding was substantially justified or special circumstances make an award unjust." 28 U.S.C. § 2412(d)(3). The government has the burden of proving that its position was "substantially justified" and the applicable standard is slightly more stringent than one of reasonableness. *Spencer v. National Labor Relations Board,* 712 F.2d 539, 557–558 (D.C.Cir.1983). The government's position in litigation also must have "a reasonable basis in law and fact." *Nunes-Correia Haig,* 543 F.Supp. 812, 817 (D.D.C. 1982).

The government, in opposing the propriety of an award of fees, advances three arguments: first that its defense that Ms. Belton's action was time barred "substantially justified" the government's litigation; second, that "special circumstances" prohibit the award of attorneys' fees; third, that the amount sought is unreasonable.

■ The government argues first that the seizure of Ms. Belton's bank account was *not* wrongful, and also contends that the statute of limitations prevented plain-

tiff's suit. Neither of the government's positions substantially justified its decision to press forward against Ms. Belton's complaint. With respect to the merits, the government admitted in its response to plaintiff's interrogatories that it had no evidence indicating Ms. Belton was a cosigner or guarantor of her former husband's business; that documents relevant to plaintiff's action had been destroyed; and finally, the government's attorney from the Tax Division of the Department of Justice conceded that Ms. Belton's accounts had been wrongfully seized. *See* Defendant's Supplemental Response to Plaintiff's First Set of Interrogatories, filed Nov. 3, 1981.

■ Next, the government contends that its position was substantially justified because it had no reason to believe that the doctrine of estoppel would be invoked to overcome the statute of limitations barrier. Yet estoppel is a well-known doctrine incorporating the idea "that no man may take advantage of his own wrong." *Glus v. Brooklyn E. Dist. Terminal,* 359 U.S. 231, 232, 79 S.Ct. 760, 761, 3 L.Ed.2d 770 (1959). Accordingly, "a defendant cannot avail himself of the bar of the statute of limitations, if it appears that he has done anything that would tend to lull the plaintiff into inaction, and thereby permit the limitation prescribed by the statute to run against him." *Alley v. Dodge Hotel,* 551 F.2d 442, 446 (D.C.Cir.1977), *cert. denied,* 431 U.S. 958, 97 S.Ct. 2684, 53 L.Ed. 277 (1977). Here, where estoppel is invoked against the government, the plaintiff has a heavier burden of establishing affirmative misconduct. *Heckler v. Community Health Services of Crawford County, Inc.,* — U.S. ——, ——, 104 S.Ct. 2218, 2223, 81 L.Ed.2d 42 (1984). The government, knowing that Ms. Belton relied on IRS assurances that her money would be refunded, should have easily recognized the applicability of the estoppel doctrine.

Second, the government claims that special circumstances render the claim for attorneys' fees unjust. Yet the arguments the government presents echo strongly

those put forth above. The government again maintains that the Court's use of estoppel was unforeseeable and raises specious factual and procedural issues such as the plaintiff was negligent in bringing suit so long after her funds were seized and that the suit was time barred.

Ms. Belton twice sought a refund from the IRS, and it admitted that her bank accounts had been wrongfully seized. She relied on IRS advice and assurance that her money would be refunded. Only when it became clear that the IRS was not responding to her requests did Ms. Belton initiate this suit. These circumstances made it particularly unreasonable that the government challenged Ms. Belton's cause of action. Given these underlying factual and legal issues the government was not "advancing in good faith the novel but credible extensions and interpretations of the law that often underlie vigorous enforcement efforts." *See* S.Rep. No. 96–253, 96th Cong., 1st Sess. at 7.

 Lastly, the government argues that the more than $13,000 in fees claimed by plaintiff's attorney is unreasonable. This Court agrees with plaintiffs that $75 per hour is a reasonable rate in the District of Columbia for an attorney such as the plaintiff's who has an LL.M degree in addition to the J.D. degree, and has practiced law at least since 1976. But the documentation falls short of the mandate in *Copeland v. Marshall*, 641 F.2d 880, 892 (D.C. Cir.1980). The record shows that discovery was initiated by the plaintiff, that his counsel filed a motion for summary judgment, and responded to the government's cross-motion, in which the government vigorously contested Ms. Belton's claim. After reviewing plaintiff's submitted record, the difficulty of the issues involved, the level of skill required, and the experience, reputation and ability of the attorneys, *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), this Court concludes that 20 hours is a reasonable calculation of the time expended by plaintiff's attorney, and the Court awards $1,500,

which is considered to be fair and reasonable under the circumstances.