843 F.2d 1390
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donna D. CANNON, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 87-3231.
 United States Court of Appeals, Sixth Circuit.
 April 5, 1988.
 
 Before ENGEL, MERRITT and CORNELIA G. KENNEDY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant Donna D. Cannon challenges the decision of the Honorable Richard B. McQuade, Jr. of the United States District Court for the Northern District of Ohio, Western Division, dismissing her wrongful levy action, brought pursuant to 26 U.S.C. Sec. 7426(a)(1), on statute of limitations grounds.
 
 
 2
 On August 28, 1981 the Internal Revenue Service served a notice of levy upon Bell & Beckwith, an investment company in Toledo, Ohio, to collect the tax liability of Alan Zimmer out of amounts contained in a brokerage account. The account was in Cannon's name, but the IRS claimed that this was done pursuant to Zimmer's plan to avoid tax liability.
 
 
 3
 Following the levy, on September 9, 1981, Cannon demanded full payment of the funds from Bell & Beckwith. Later in September, to resolve the competing claims, Bell & Beckwith paid the $129,626.22 balance of the account into the registry of the district court and brought an interpleader action, naming the United States and Cannon as parties. On May 17, 1983 the United States was granted a default judgment in the suit when Cannon refused to comply with discovery requests. Pursuant to the court's order, the funds were then distributed to the United States.
 
 
 4
 Cannon appealed to this court. On March 26, 1985, we held that the district court did not have subject matter jurisdiction over the interpleader action. Bell & Beckwith v. United States, I.R.S., 766 F.2d 910 (6th Cir.1985). We therefore reversed the judgment of the district court and remanded the case to it with instructions to dismiss for lack of jurisdiction. Id. at 917.
 
 
 5
 While the interpleader case was pending, Cannon, Zimmer and three other persons were indicted for conspiring to obstruct the collection of Zimmer's federal taxes. One count of the indictment alleged that Zimmer had attempted to evade taxation by setting up the Bell & Beckwith account in Cannon's name. Cannon pleaded guilty to conspiring to obstruct tax collection and, pursuant to the district court's inquiry under Rule 11(f) of the Federal Rules of Criminal Procedure, stated "I helped to conceal assets of Dr. Zimmer in my brokerage accounts over the last four years."
 
 
 6
 On December 3, 1985, Cannon instituted this action. Actions under 26 U.S.C. Sec. 7426(a)(1) are governed by 26 U.S.C. Sec. 6532(c)(1) which provides that the statute of limitations in wrongful levy cases is nine months. However, this action was instituted more than four years after the IRS' initial levy of Cannon's account. Cannon argued that the statute of limitations was tolled during the pendency of the interpleader action and appeal.
 
 
 7
 On December 3, 1986 the United States moved to dismiss the suit, claiming that the statute of limitations was not tolled and further claiming that Cannon was collaterally estopped from instituting this action because of the admission she made in connection with her guilty plea. Cannon twice requested and received extra time to respond to this motion. However, she never did so. On February 11, 1987 the district court granted the government's motion, finding that the statute of limitations had run. No ruling was made on the collateral estoppel claim.
 
 
 8
 On appeal, Cannon contends that the equitable tolling doctrine is both applicable and appropriate in this case. The government disputes this claim and further argues that collateral estoppel is also a sufficient ground to uphold the district court's dismissal.
 
 
 9
 Without holding that the doctrine of equitable tolling can never be applied to toll the nine-month limitation period in actions brought under 26 U.S.C. Sec. 7426(a)(1) and 26 U.S.C. Sec. 6532(c)(1), we conclude that the district judge did not err in refusing to apply such principles under the particular facts of this case. Unlike some cases interpreting the statute, see e.g., Penn Central Corp. v. United States, No. 85-1594 (D.D.C. April 29, 1987); Bank of Commerce v. United States, 86-1 Stand.Fed.Tax Rep. (CCH) p 9111 (N.D.Okla. Oct. 29, 1985); Belton v. Commissioner, 562 F.Supp. 30 (D.D.C.1982), no question of overreaching on the part of the government is evidenced here, nor is there any evidence of duplicity or concealment of any cause of action which plaintiff could or might have asserted. In fact, she was well aware of the levy in ample time to have brought her action within the nine-month limitations period. While her claim of reliance upon the pendency of the interpleader action, which this court ultimately found to have been outside the district court's jurisdiction, has some surface appeal, we find nothing in the relevant law to justify her reliance upon the pendency of that action as a basis for deferring the instant case. For the doctrine of equitable tolling to apply here, the plaintiff must show that she has a colorable claim on which she may be able to succeed. She has wholly failed to make such a showing. She pled guilty to aiding Zimmer in concealing assets, including the amount in question; and has presented no set of facts showing an entitlement to the funds in question.
 
 
 10
 AFFIRMED.