Drake, Ch. J.,
delivered the opinion of the court:
The first question arising in this case is, whether the claim, was, when this suit was brought, barred by the tenth section of the Act March 3,1863, ( 12 Stat. L., p. 765,) which is as follows:
“Sec. 10. And he it further enacted, That every claim against the United States, cognizable by the Court of Claims, shall be forever barred unless the petition setting forth a statement of the claim be filed in the court or transmitted to it under the provisions of this act within six years after the claim first accrues : Provided, That claims which have accrued six years before the passage of this act shall not be barred if the petition be filed in the court or transmitted as aforesaid within three years after the passage of this act: And provided further, That the claims of married women first accrued during marriage, of persons under the age of twenty-one years first accruing during minority, and of idiots, lunatics, insane persons, and persons beyond seas at the time the claim accrued, entitled to the claim, shall not be barred if the petition be filed in the court, or transmitted, as aforesaid, within three years after' the disability has ceased j but no other disability than those enumerated shall prevent any claim from being barred, nor shall any of the said disabilities operate cumulatively.”
As the services which constitute the foundation of this claim were rendered between April 1 and June 1,1861, and .the claimant’s petition was not filed until March 17,1873, the prima-facie conclusion would be that the claim was barred when the petition was filed. But the contractor, Henry Fulenweider', died before any of that service was rendered, and no administration on his estate was granted until December 19, 1870. This changes the aspect of the case. It is a well-settled rule, that if, when the right of action would otherwise accrue and the statute begin to run, there is no person in existence who is qualified to sue upon that right, the statute does not begin to run till there is such a person. (Angelí on Lim., §§ 54-63.) For this claim none but a personal representative of Fulenwei-der could sue; and there was no personal representative until December 19,1870, when the statute began to run, less than three years before this suit was brought.
It was suggested that the words of the second proviso, declaring that “no other disability than those enumerated *407 shall prevent any claim from being barred,” would prevent the operation of the rule of law; but this does not seem to be a proper view of the matter. The disabilities specified in the proviso are personal, and of course imply the existence of a person subject to them; while in this case there was, until administration granted, no person qualified to institute a suit. The delay in suing was not, therefore, from the existence of a disability of a party, but from the want of a party capable of asserting the claim. Hence those words of the proviso are no barrier to the claimant’s recovery.
Such being the case, there remains no question of law to be discussed. The estate of Fulenweider is entitled to receive the stipulated compensation, at the rate of $65,000 per annum, for the months of April and May, 1861, as ascertained by the Auditor, amounting to $10,892.85; and under the decision of the Supreme Court in Reeside’s Case, (8 Wall., 38,) which is the counterpart of this, we can do no less than allow the one month’s additional pay, which the contract stipulates should be paid if the Postmaster-General discontinued the service before the end of the contract.
Judgment will be rendered in favor of the claimant for $16,309.51.