SEABOARD AIR LINE RAILWAY *v.* RENN.

ERROR TO THE SUPREME COURT OF THE STATE OF NORTH CAROLINA.

No. 773.　Argued April 4, 1916.—Decided May 22, 1916.

Whether the state court, in permitting an amendment to the complaint in an action under the Employers' Liability Act, disregarded the provision in § 6 limiting the time to commence actions under the Act, is a Federal question, although the allowance of the amendment otherwise might rest in the discretion of the court and be a matter of local procedure.

An amendment which merely expands or amplifies what was alleged in support of the cause of action asserted in the original complaint relates back to the commencement of the action and is not affected by the intervening lapse of time.

An amendment which introduces a new or different cause of action is the equivalent of a new suit which would be barred by § 6 if made more than two years after the cause of action arose.

Although the original complaint in this case may not have distinctly shown that the cause of action arose under the Employers' Liability Act still as it did not allege that the cause of action arose under the law of the State where it occurred, and did allege that defendant was engaged in operating its railroad in that and other States, *held* that an amendment that plaintiff's employment and defendant's engagement were both in interstate commerce at the time of the

injury did not amount to the statement of a new cause of action, but merely amplified or expanded that already stated and related back to the commencement of the suit.

Both courts below having concurred against defendant's request for instruction that there was no evidence of actionable negligence and there being no clear error this court will not disturb such conclusions.

Where the charge as a whole was fair, objections made at the time, but which did not specifically draw the attention of the trial court to inaccuracies in portions of the charge respecting the measure of damages, cannot, where not dealt with by the appellate court, be pressed in this court.

86 S. E. Rep. 964, affirmed.

THE facts, which involve the validity of a verdict and judgment for damages for personal injuries in an action under the Employers' Liability Act, are stated in the opinion.

*Mr. Murray Allen* for plaintiff in error:

Plaintiff was at the time of his injury employed in interstate commerce and his complaint states a cause of action under the statute of North Carolina defining the liability of a railroad to its employés, and also under the common law.

The complaint does not state a cause of action under the Federal statute.

That the carrier was engaged in interstate commerce and the employé was employed in such commerce at the time of the injury are essential allegations.

The court will look only to pleadings to determine the basis of plaintiff's cause of action.

The cause of action created by the Federal statute is separate and distinct from the cause arising under the common law.

The plaintiff had the selection of the basis of his action.

The court had no power to allow an amendment stating for the first time a cause of action under the Federal act

after the expiration of the period fixed by the act for the commencement of such action.

· The amendment allowed by the court states a new cause of action, which is barred by the expiration of the period of limitation fixed by the act creating the right of action.

State courts accept *Union Pacific R. R.* v. *Wyler,* 158 U. S. 285, as controlling and refuse to permit amendments stating a cause of action under the Federal act after the expiration of two years.

The points of difference in an action based upon the common law and the statute of North Carolina and an action based upon the Federal Employers' Liability Act are material.

The facts showing the injury sustained by plaintiff do not of themselves constitute a cause of action.

There is not sufficient evidence of negligence in this case to be submitted to the jury.

Plaintiff assumed the risk of injury from slipping on ice around the water tank.

*Mr. Robert N. Simms* and *Mr. Wm. C. Douglass,* with whom *Mr. Clyde A. Douglass* was on the brief, for defendant in error.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This was an action by an employé of a railroad company to recover from the latter for personal injuries suffered through its negligence. The plaintiff had a verdict and judgment under the Employers' Liability Act of Congress, c. 149, 35 Stat. 65; c. 143, 36 Stat. 291, the judgment was affirmed, 86 S. E. Rep. 964, and the defendant brings the case here.

The original complaint was exceedingly brief and did

not sufficiently allege that at the time of the injury the defendant was engaged and the plaintiff employed in interstate commerce. During the trial the defendant sought some advantage from this and the court, over the defendant's objection, permitted the complaint to be so amended as to state distinctly the defendant's engagement and the plaintiff's employment in such commerce. Both parties conceded that what was alleged in the amendment was true in fact and conformed to the proofs, and that point has since been treated as settled. The defendant's objection was that the original complaint did not state a cause of action under the act of Congress, that with the amendment the complaint would state a new cause of action under that act, and that, as more than two years had elapsed since the right of action accrued, the amendment could not be made the medium of introducing this new cause of action consistently with the provision in § 6 that "no action shall be maintained under this act unless commenced within two years from the day the cause of action accrued." Whether in what was done this restriction was in effect disregarded is a Federal question and subject to reëxamination here, however much the allowance of the amendment otherwise might have rested in discretion or been a matter of local procedure. *Atlantic Coast Line* v. *Burnette*, 239 U. S. 199. If the amendment merely expanded or amplified what was alleged in support of the cause of action already asserted, it related back to the commencement of the action and was not affected by the intervening lapse of time. *Texas and Pacific Ry.* v. *Cox*, 145 U. S. 593, 603–604; *Atlantic and Pacific R. R.* v. *Laird*, 164 U. S. 393; *Hutchinson* v. *Otis*, 190 U. S. 552, 555; *Missouri, Kansas & Texas Ry.* v. *Wulf*, 226 U. S. 570, 576; *Crotty* v. *Chicago Great Western Ry.*, 95 C. C. A. 91; *S. C.*, 169 Fed. Rep. 593. But if it introduced a new or different cause of action, it was the equivalent of a new suit, as to which the running

of the limitation was not theretofore arrested. *Sicard* v. *Davis*, 6 Pet. 124, 140; *Union Pacific Ry.* v. *Wyler*, 158 U. S. 285; *United States* v. *Dalcour*, 203 U. S. 408, 423. The original complaint set forth that the defendant was operating a line of railroad in Virginia, North Carolina and elsewhere, that the plaintiff was in its employ, that when he was injured he was in the line of duty and was proceeding to get aboard one of the defendant's trains, and that the injury was sustained at Cochran, Virginia, through the defendant's negligence in permitting a part of its right of way at that place to get and remain in a dangerous condition. Of course, the right of action could not arise under the laws of North Carolina when the causal negligence and the injury occurred in Virginia; and the absence of any mention of the laws of the latter State was at least consistent with their inapplicability. Besides, the allegation that the defendant was operating a railroad in States other than Virginia was superfluous if the right of action arose under the laws of that State, and was pertinent only if it arose in interstate commerce, and therefore under the act of Congress. In these circumstances, while the question is not free from difficulty, we cannot say that the court erred in treating the original complaint as pointing, although only imperfectly, to a cause of action under the law of Congress. And this being so, it must be taken that the amendment merely expanded or amplified what was alleged in support of that cause of action and related back to the commencement of the suit, which was before the limitation had expired.

Error is assigned upon a refusal to instruct the jury, as matter of law, that there was no evidence of actionable negligence on the part of the defendant, and that the evidence conclusively established an assumption by the plaintiff of the risk resulting in his injury. Both courts, trial and appellate, held against the defendant upon these

points. They involve an appreciation of all the evidence and the inferences which admissibly might be drawn therefrom; and it suffices to say that we find no such clear or certain error as would justify disturbing the concurring conclusions of the two courts upon these questions. *Great Northern Ry.* v. *Knapp,* 240 U. S. 464; *Baugham* v. *New York &c. Ry.* (decided this day, *ante,* p. 237).

Complaint also is made of the instructions given upon the measure of damages. The criticism is directed against mere fragments of this part of the charge, and the objections made at the time were not such as were calculated to draw the trial court's attention to the particular complaint now urged. The inaccuracies were not grave and the charge as a whole was calculated to give the jury a fair understanding of the subject. The defendant therefore is not in a position to press the complaint, especially as it was not dealt with in the opinion of the appellate court. See *Magniac* v. *Thompson,* 7 Pet. 348, 390; *McDermott* v. *Severe,* 202 U. S. 600, 610; *Illinois Central R. R.* v. *Skaggs,* 240 U. S. 66.

*Judgment affirmed.*