## GUINTHER v. PHILADELPHIA & R. RY. CO.

(Circuit Court of Appeals, Third Circuit. August 19, 1924.)

No. 3101.

**1. Death ⊝11—Cause of action for death is statutory.**

Cause of action for death of employee for benefit of certain dependent relatives under federal Employers' Liability Act (Comp. St. §§ 8657–8665) was created by such statute and was unknown to common law.

**2. Death ⊝31(3) — Personal representative alone can sue for employee's death under federal act.**

Suit for employee's death under Employers' Liability Act, § 2 (Comp. St. § 8658), can be maintained only by employee's personal representative, though action is for pecuniary damage to beneficiaries named in act.

**3. Action ⊝1—"Cause of action" includes existence of person by or against whom process can issue.**

"Cause of action" includes, not only right proper, but also existence of person by or against whom process can issue.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Cause of Action.]

**4. Limitation of actions ⊝43—Right of action does not accrue until there is party to sue or be sued.**

Right of action generally does not accrue, so as to start running of statute, which begins to run only from time when right of action accrues, until there is in existence a party to sue or to be sued.

**5. Death ⊝39—Cause of action for employee's death under federal act "accrued" on appointment of personal representative.**

Cause of action for employee's death under Employers' Liability Act, § 2 (Comp. St. § 8658), did not "accrue," so as to start running of period of limitations under section 6 (Comp. St. § 8662), until appointment of personal representative, since prior thereto there was no party capable of suing

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accrue.]

In Error to the District Court of the United States for the District of New Jersey; Wm. N. Runyon, Judge.

Suit by Alverna I. Guinther, administratrix of William Guinther, deceased, against the Philadelphia & Reading Railway Company. Judgment for defendant, and plaintiff brings error. Reversed, with directions.

Frederic B. Scott, of New York City, and John L. Ridley, of Jersey City, N. J., for plaintiff in error.

Katzenbach & Hunt, of Trenton, N. J. (Edgar W. Hunt, of Trenton, N. J., of counsel), for defendant in error.

Before WOOLLEY and DAVIS, Circuit Judges, and THOMPSON, District Judge.

DAVIS, Circuit Judge. The plaintiff, administratrix of the estate of William Guinther, her deceased husband, brought suit under the federal Employers' Liability Act (35 Stat. 65 [Comp. St. §§ 8657–8665]) to recover damages for the death of her husband while he was employed by the defendant railroad company. It is admitted that both the decedent and the railroad company were engaged in interstate commerce at the time of the accident, which occurred August 1, 1916. The plaintiff was not appointed administratrix until September 21, 1922, and suit was instituted October 7, 1922. Section 6 of this act provides that: "No action shall be maintained under this act unless commenced within two years from the day the cause of the action accrued."

The above facts appeared in the pleadings, and defendant, contending that the action was not commenced within two years from the day the cause of action accrued, moved for judgment on the pleadings. The motion was granted and judgment entered. The plaintiff has brought the case here by writ of error to test the validity of the judgment thus entered.

[1, 2] The sole question is: What does the word "accrued" as used in this statute mean? Did the cause of action accrue when death occurred or when the administratrix was appointed? The statute created this new cause of action, unknown to the common law, for the benefit of certain dependent relatives. Michigan Central Railroad Co. v. Vreeland, 227 U. S. 59, 69, 70, 33 Sup. Ct. 192, 57 L. Ed. 417, Ann. Cas. 1914C, 176; American Railroad Co. of Porto Rico v. Didrickson, 227 U. S. 145, 149, 33 Sup. Ct. 224, 57 L. Ed. 456. The statute relates to both the right and remedy. Central Vermont Railway Co. v. White, 238 U. S. 507, 511, 35 Sup. Ct. 865, 59 L. Ed. 1433, Ann. Cas. 1916B, 252. While the action is for the pecuniary damage, to the beneficiaries named in the act, the suit can be maintained only by the personal representative. American Railroad Co. v. Birch, 224 U. S. 547, 557, 32 Sup. Ct. 603, 56 L. Ed. 879.

[3] The phrase "cause of action" includes not only the right proper, but also the existence of a person by or against whom

process can issue. Sanford v. Sanford, 62 N. Y. 553, 554. In the case of Collier v. Goessling, 160 Fed. 604, 87 C. C. A. 506, Judge Lurton, speaking for the Circuit Court of Appeals for the Sixth Circuit, said: "To start the running of a statute of limitation there must be some one capable of suing, some one subject to be sued, and a tribunal open for such suits."

In Fulenweider's Case, 9 Ct. Cl. 403, the work performed by the contractor was completed June 1, 1861. Administration was granted December 19, 1870, and petition was filed March 13, 1873. An act of Congress (Comp. St. § 1147) provided that: "Every claim against the United States, cognizable by the Court of Claims, shall be forever barred unless the petition setting forth a statement of the claim be filed in the court or transmitted to it under the provisions of this act within six years after the claim first accrues." It was contended that the cause of action "accrued" June, 1861, but the court said: "It is a well-settled rule that if, when the right of action would otherwise accrue and the statute [of limitations] begin to run, there is no person in existence who is qualified to sue upon that right, the statute does not begin to run till there is such a person. Angell on Lim. §§ 54–63. For this claim none but a personal representative * * * could sue, and there was no personal representative until December 19, 1870, when the statute began to run, less than three years before this suit was brought."

[4, 5] Section 2 of the Employers' Liability Act provides that every common carrier, in case of the death of an employee engaged in interstate commerce, is liable in damages to his personal representatives for the benefit of his surviving widow and children. It is evident that death liability, on which the present cause of action is based, could not arise until death, and further it is a general rule of law of long standing that when, by the express terms of a statute, the statute of limitations begins to run only from the time when a right of action accrues, the right of action does not accrue, so as to start the running of the statute, until there is in existence a party to sue or to be sued. Murray, Administrator, v. East India Co., 5 Barn. & Ald. 204; Pinckney et al. v. Burrage et al., 31 N. J. Law, 21; Wood on Limitations (4th Ed.) § 117, p. 612 et seq.; 17 R. C. L. 751; 25 Cyc. p. 1067, 3; Conwell's Administrator v. Morris' Administrator, 5 Har. (Del.) 299; Andrews v. Hartford & New Haven Railroad Co., 34 Conn. 57; Sherman v. Western Stage Co., 24 Iowa, 515; Kennedy v. Burrier, 36 Mo. 128, 130; Crapo v. City of Syracuse, 183 N. Y. 395, 76 N. E. 465; American Railroad Co. of Porto Rico v. Caronas, 230 Fed. 545, 144 C. C. A. 599, L. R. A. 1916E, 1095. In the case at bar there was no one capable of suing until the administratrix was appointed. The cause of action did not accrue and the statute did not begin to run until her appointment.

It has been thought that the cases of Missouri, Kansas & Texas Railway Co. v. Wulf, 226 U. S. 570, 33 Sup. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134, and Seaboard Air Line Railway v. Renn, 241 U. S. 290, 36 Sup. Ct. 567, 60 L. Ed. 1006, declare, in principle, a contrary doctrine. In the former case, Fred S. Wulf, son of plaintiff, was killed on November 27, 1908, while he and the defendant were both engaged in interstate commerce. His mother, plaintiff, as sole heir at law and next of kin, began suit under the Kansas statute on January 23, 1909. An answer was filed. She was appointed administratrix on January 4, 1911. She filed an amended petition on January 6, 1911, praying that she might recover as administratrix, if she could not in her individual capacity. Defendant opposed the filing of the amendment in her capacity as administratrix on the ground that it substituted a different cause of action, which could not be done, because it was not done within two years after the cause of action accrued. This was allowed, and, after judgment for her, the case was taken to the Supreme Court, which held that it was not a different cause of action, because she had pleaded every fact under the original petition, which constituted her cause of action under the amended petition, which in no way modified or enlarged the facts.

In the case of Seaboard Air Line v. Renn, 241 U. S. 290, 36 Sup. Ct. 567, 60 L. Ed. 1006, the original complaint did not sufficiently allege that at the time of the injury the defendant was engaged and the plaintiff employed in interstate commerce. At the trial an amendment was permitted, over objection, which distinctly stated these facts. The objection was based on the fact that the original complaint did not state a cause of action under the Employers' Liability Act, and that the amendment constituted a new cause of action under that act, and, as more than two years had elapsed since the cause of action accrued, the amendment could not be made the medium of introducing this new cause of action consistently

with the provision in section 6 of the act that "no action shall be maintained under this act unless commenced within two years from the day the cause of action accrued." The court said on this point that, if the amendment merely expanded or amplified what was alleged in support of the cause of action already asserted, it related back to the commencement of the action and was not affected by the intervening lapse of time; but, if it introduced a new or different cause of action, it was the equivalent of a new suit against which the statute had run. The court held that the amendment simply expanded or amplified the allegations already made. But this is different from holding that, when there is nothing which a pleading may expand and to which "it relates back," the cause of action accrues at death, so as to start the running of the statute of limitations, before the appointment and qualification of a personal representative. It is true that there are cases here and there that do so hold, but the Supreme Court has not gone so far, and by the great weight of authority we are constrained to hold that under this statute the cause of action does not accrue until the appointment of a personal representative of the deceased who is capable of suing.

The judgment of the District Court is reversed, with directions to reinstate the complaint and proceed according to law.