**DAVIS, Director General of Railroads, v. GRAY.**

(Circuit Court of Appeals, First Circuit. November 16, 1925.)

No. 1854.

1. **Death** ⚖➝39—Under federal Employers' Liability Act, cause of action for death of employee accrues on appointment of administrator.

Under federal Employers' Liability Act (Comp. St. §§ 8657–8665), cause of action for death of employee accrues on appointment of administrator, and action brought within two years of such appointment, but more than two years after employee's death, is not barred by limitation.

2. **Master and servant** ⚖➝288(2)—Evidence held insufficient to go to jury on question of assumption of risk.

In action under federal Employers' Liability Act (Comp. St. §§ 8657–8665) for death of brakeman, whose heel caught on station platform as he was standing on engine step, evidence *held* insufficient to go to jury on question of assumption of risk.

3. **Master and servant** ⚖➝265(13)—Under federal Employers' Liability Act, railroad has burden of proof on question of assumption of risk.

Under federal Employers' Liability Act (Comp. St. §§ 8657–8665), railroad has burden of proof on question of assumption of risk.

In Error to the District Court of the United States for the District of New Hampshire; James Arnold Lowell, Judge.

Action by Leah M. Gray, administratrix of Glen E. Gray, deceased, against James C. Davis, Director General of Railroads. Judgment for plaintiff, and defendant brings error. Affirmed.

Eri C. Oakes, of Lancaster, N. H., and Chas. H. Blatchford, of Portland, Me. (Shurtleff, Oakes & Hinkley, of Lancaster, N. H., and William R. McFeeters, of St. Albans, Vt., on the brief), for plaintiff in error.

Alexander Murchie, of Concord, N. H. (Murchie & Murchie, of Concord, N. H., on brief), for defendant in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. This is an action under the federal Employers' Liability Act (Comp. St. §§ 8657–8665) to recover for the death of Glen E. Gray, who was killed at Lunenburg, Vt., on October 13, 1919. At the first trial, the court directed a verdict for the defendant. This court held (294 F. 57) that the case should have been submitted to the jury. At the second trial, the evidence of negligence and as to the cause of the accident was, as defendant's learned counsel frankly admits, for all legal purposes the same as the first trial. He therefore does not seriously ask this court to review its former conclusions.

[1] The present contentions are two, and within narrow compass:

(1) That the action is barred by the statute of limitations. In the declaration it is alleged that the plaintiff was appointed administratrix on May 4, 1920, and that Gray died on October 13, 1919. The action was brought on February 22, 1922, more than two years after the death, but less than two years after the appointment. The defendant pleaded that the action did not accrue within two years next before the commencement of the suit. When at the last

trial this point was raised, it was, as the amended exceptions show, treated by court and counsel as a demurrer to the declaration; the certificate of appointment introduced at the first trial was therefore not offered in evidence. On such a record it is plain, and counsel for the railroad in effect concedes, that the only question now open is whether the statute runs from the date of the death, or from the date of the appointment of the administratrix. That question was before this court in American Railroad Co. v. Coronas, 230 F. 545, 144 C. C. A. 599, L. R. A. 1916E, 1095, and it was there ruled, on full consideration, that the cause of action accrues from the date of the appointment. We think that conclusion not only sound in principle, but supported by the overwhelming weight of the applicable authorities. Compare Kierejewski v. Great Lakes Dredge & Dock Co. (D. C.) 280 F. 125; Guinther v. Philadelphia & R. Ry. Co. (C. C. A.) 1 F.(2d) 85; Koons v. Philadelphia & R. Ry. Co., 281 Pa. 270, 126 A. 381; Bird v. Ft. Worth & R. G. Ry. Co., 109 Tex. 323, 207 S. W. 518.

We find nothing in Missouri, Kansas & Texas Co. v. Wulf, 226 U. S. 570, 33 S. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134, and Seaboard Air Line Ry. Co. v. Renn, 241 U. S. 290, 36 S. Ct. 567, 60 L. Ed. 1006, constraining us to a different conclusion.

[2] (2) That the court below erroneously ruled, as matter of law, that there was no assumption of risk by Gray. Possibly the trial court construed the former decision of this court as so ruling. But this is not so. The case came up on questions of law only. The court disposed of the contention of assumption of risk by saying:

"It is plain that there was no assumption of risk."

But, construing this sentence in the light of the context and of the questions plainly before this court, it means:

"It is plain that there was, *as matter of law,* no assumption of risk."

That question, so far as a question of fact, therefore, was at the second trial open, as were all other questions of fact.

On this point the court below instructed the jury as follows:

"You often hear in these cases of the assumption of risk. That is a very favorite term among judges and lawyers. In this case, I shall rule that there is no assumption of risk as a matter of law. In many cases the facts are so plain that the court is constrained to rule that the person who was injured or was killed assumed the risk of being so injured or killed. I shall rule that that is not the situation in this case, so that you need not consider very much that part of it."

The defendant complains that this instruction was error. This was all that the court said to the jury on this point. It is not entirely clear that this instruction withdraws the question of assumption of risk from the jury. It is open to the construction of meaning only that there was, as matter of law, no assumption of risk—a denial of defendant's request to order a verdict on that ground. But, as the court refused—or at any rate failed to give—other instructions on this point which were, at least in part, applicable (if the question of assumption of risk was for the jury at all), we resolve the doubt in favor of the defendant—and consider whether there was reversible error, assuming that that issue was not submitted.

[3] Concededly, on this issue, the burden was upon the defendant. Seaboard Air Line v. Moore, 228 U. S. 433, 33 S. Ct. 580, 57 L. Ed. 907. The question, therefore, is whether there was substantial evidence for the jury on that issue.

The former opinion of this court (294 F. 58) contains a summarized statement of the evidence (substantially repeated at this trial), which warranted the jury in finding that Gray was trapped to his death when, in the performance of his duty, he undertook to alight upon the platform from the lower step of the moving engine. It is unnecessary to repeat here the full description of the situation and to rehearse the evidence. But it should be noted that the evidence showed that the lower step of the particular engine on which Gray was then riding protruded about an inch and a half farther toward the platform than did the lower steps of engines of the older type with which he was familiar. On the present record, this was the first time that Gray had ever ridden by this platform on an engine of that type. He did not assume the risk unless the jury would have been warranted in finding that on this first trip, on such an engine, by that platform, he was bound to know that the wavy line (vertical and horizontal) of this platform, as the wider step of this engine passed by it, created a trap which might catch his heel and pull him from the engine under the train. This falls very far short of being substantial evidence for the jury that the danger encountered was open, obvious and apparent. Yazoo & Miss. R. R. v. Wright, 235 U. S. 376, 379, 35 S. Ct. 130, 59 L. Ed. 277; Cent. Vt.

Ry. v. White, 238 U. S. 507, 510, 35 S. Ct. 865, 59 L. Ed. 1433, Ann. Cas. 1916B, 252.

It follows that on the present record a verdict for the defendant on the ground of assumption of risk would, as matter of law, not have been warranted—that there was no question on that issue for the jury.

Assuming, therefore, that the court did rule that the question was not for the jury, there was no reversible error.

The judgment of the District Court is affirmed, with costs to the defendant in error.